UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BOBBY-CANTU RAMIREZ,<br>　　　　Plaintiff,<br>　　v.<br>DIRECTOR OF CDCR,<br>　　　　Defendant. | Case No. 18-cv-04054-HSG (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff, an inmate at the California Medical Facility ("CMF") in Vacaville, California, has filed a *pro se* complaint under 42 U.S.C. § 1983 seeking monetary damages for alleged injury to his kidneys and brain. Plaintiff makes his allegations by way of two health care services request forms plaintiff submitted while incarcerated at the California Institution for Men ("CIM") in Chino, California alleging improper medical treatment at CIM as well as at California State Prison–Solano ("CSP-SOL") and an unidentified institution in Stockton, California. The only named defendant is the director of the California Department of Corrections and Rehabilitation ("CDCR"), which is headquartered in Sacramento, California. Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.

Venue is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Although plaintiff's allegations of wrongdoing are vague, the complaint makes clear that the case was filed in the wrong venue because none of plaintiff's claims have any connection whatsoever to this judicial district. No defendant resides in this district and none of the alleged wrongdoing occurred in this district. *See id.*

When a case is filed in the wrong venue, a district court has discretion to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Because it does not appear that there is one proper federal court in which plaintiff can bring all of his claims, the complaint will be dismissed without prejudice. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal for wrong venue must be without prejudice). If viable, some of plaintiff's claims may have to be brought in the Eastern District of California (where CMF, CSP-SOL, CDCR, and the City of Stockton are located, 28 U.S.C. § 84(b)), and others in the Central District of California (where CIM is located, 28 U.S.C. § 84(c)).

For the foregoing reasons, the complaint is DISMISSED WITHOUT PREJUDICE to filing the claims therein in the proper judicial districts. Based solely on plaintiff's affidavit of poverty, his applications to proceed IFP (Dkt. Nos. 2, 7) are GRANTED.

The Clerk shall terminate all pending motions, enter judgment in accordance with this order, and close the file.

**IT IS SO ORDERED.**

Dated:   8/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge