UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BOBBY CANTU RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | No. 2:18-cv-2579 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983, has requested appointment of counsel. See ECF No. 23. He contends the appointment of counsel is necessary to "help [him] find out who did what and why they did not do anything to help [him]." See ECF No. 23 at 1 (brackets added). He also asserts that his low cognitive functioning disability warrants counsel appointment. See id. at 1-2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Moreover, the documents plaintiff has filed in this action to date indicate that plaintiff has the ability to articulate his claims pro se in an adequate manner. Therefore, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 23) is denied.

DATED: October 15, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE