UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BOBBY CANTU RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | No. 2:18-cv-2579 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983, has filed a first amended complaint ("FAC") (ECF No. 18), and a fifth motion to appoint counsel (ECF No. 25). For the reasons stated below, the court will deny plaintiff's motion to appoint counsel and dismiss plaintiff's FAC with leave to amend. In addition, the court will order the appropriate agency to collect the filing fee from plaintiff.

I.     <u>IN FORMA PAUPERIS APPLICATION</u>

Plaintiff has submitted documents that make the showing required by 28 U.S.C. § 1915(a). <u>See</u> ECF Nos. 2, 9. While it appears that in forma pauperis status was granted to plaintiff while his case was active in the Northern District (<u>see</u> ECF No. 13), the docket does not indicate that the appropriate agency has ever been directed to collect the statutory filing fee from plaintiff. <u>See</u>

////

////

1

generally ECF Nos. 13, 19.[1]

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim,

---

[1] Although it appears that the Northern District granted plaintiff's in forma pauperis motion, the matter was then dismissed and judgment was entered. See ECF Nos. 12, 13, 14). The dismissal and judgment were later vacated, and the matter was reopened and transferred to this district. See ECF Nos. 19, 20. The motion vacating the dismissal and judgment fail to indicate whether the vacation also revived the Northern District's grant of in forma pauperis status to plaintiff. See generally ECF No. 19. The court presumes that it did.

however inartfully pleaded, has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.    PLEADING STANDARD

    A.    Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

////

////

1  IV.   DISCUSSION

2        A.   Plaintiff's First Amended Complaint

Plaintiff's initial complaint was filed and screened in the Northern District. Screening was cursory in nature, and conducted for the purposes of transferring the matter to this district. The court did not substantively address the claim presented in plaintiff's initial complaint. See ECF Nos. 13, 19. Prior to the matter being transferred to this district, plaintiff filed the instant First Amended Complaint (FAC). See ECF No. 18. An amended complaint supersedes the original. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009). Accordingly, this court will now screen plaintiff's FAC.

        B.   Plaintiff's Claim

The FAC identifies San Joaquin Hospital, "Magoo Clinic,"[2] the medical staff at CSP Solano, and the Medical Clinic at Ironwood as defendants in this case. See ECF No. 18 at 1. Plaintiff generally claims that "CDCR damaged [his] brain and [his] kidneys." See id. at 3. In support of this claim, plaintiff alleges:

> San Joaquin State Hospital, the Magoo [sic] Clinic removed the IV line from my chest one day before the treatment was over. They then transferred me to Jamestown because they thought the infection was gone. When Jamestown received me, they did not have the proper medical equipment to treat me so they transferred me to CSP Solano. As soon as I was received into CSP-Solano, they put me in AD Seg due to false complaints by nursing staff. They kept me in AD Seg for five months, during which my brain was suffering damage from the infection. After they transferred me to Ironwood to which they then transferred me to Chino because they didn't know what to do with me.

Id. (brackets added). Thereafter, plaintiff claims, "[his] brain and kidneys suffered extensive damage due to the malpractice and constant transferring of [sic] one prison to the other." Id. (brackets added). As result, plaintiff seeks twenty million dollars in damages. He also asks that defendants be fired and that "any and all money incurred in their name to be [his]." ECF No. 18 at 6 (brackets added).

---

[2] Although plaintiff refers to the clinic as "Magoo," the court has reason to believe that the name of the clinic may instead be "Magan." Plaintiff is directed to clearly and properly identify the name of the clinic, including its proper spelling, if possible.

5

C. Problems with FAC

Although plaintiff does not identify a specific constitutionally-based cause of action, it appears that he is attempting to present a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment.

The FAC fails to identify which individual defendant(s) engaged in which particular act or actions that demonstrated deliberate indifference to plaintiff's serious medical needs and led to his subsequent harm. See generally ECF No. 18 at 3. Accordingly, plaintiff will need to amend the FAC. An amended complaint must establish a causal nexus between the actions of each individual defendant and the resulting harm plaintiff has experienced. To assist plaintiff in stating a claim that is sufficient to proceed, the court now provides the legal standards related to establishing an Eighth Amendment deliberate indifference claim and to filing an amended complaint.

V. LEGAL STANDARDS

A. Eighth Amendment Deliberate Indifference Claim

In order to establish a cognizable deliberate indifference claim, plaintiff will need to show the following: (1) that he had a serious medical need, which, if untreated could have resulted in further significant injury or the unnecessary and wanton infliction of pain, and (2) that each defendant's response to his needs was deliberately indifferent. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish "deliberate indifference," plaintiff will need to show that: (1) each defendant either engaged in a purposeful act or failed to respond to his pain or possible medical need, and (2) plaintiff was harmed by each defendant's indifference. See id.

B. Filing an Amended Complaint

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible.

Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4–200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. See E.D. Cal., L. R. 220 (2009). This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556–57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. MOTION TO APPOINT COUNSEL

Plaintiff filed the instant motion to appoint counsel on October 15, 2018. See ECF No.
////

25. This is plaintiff's fifth such motion.[3] It was filed on the same day the court issued its denial of plaintiff's fourth motion to appoint counsel. See ECF No. 24.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

A comparison of the instant motion to appoint counsel with plaintiff's fourth motion recently denied by the court indicates that plaintiff provides no new, persuasive information that warrants a grant of the instant motion. See generally ECF Nos. 23, 25. Like the recently denied fourth motion to appoint counsel, plaintiff's fifth motion simply provides documents that appear to suggest that he should be appointed counsel because he has a mental health disability. Compare ECF No. 23, with ECF No. 25 (pleadings stating plaintiff has "low cognitive function").

In Fletcher v. Quin, No. 3:15-cv-2156 GPC NLS, 2018 WL 840174 (S.D. Cal. Feb. 13, 2018), our sister court opined:

> Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an 'incapacitating mental disability' and the plaintiff 'must present substantial evidence of incompetence.' The court must be able to find a nexus between the mental disorder and the plaintiff's ability to articulate his claims.

---

[3] Prior to this matter being transferred to this district from the Northern District, plaintiff filed three motions to appoint counsel, the last of which was actively denied. See ECF Nos. 8, 11, 15, 16. Plaintiff's fourth motion to appoint counsel, filed in this district on October 4, 2018 (see ECF No. 23), was denied on October 15, 2018 (see ECF No. 24).

Fletcher, 2018 WL 840174, at * 2 (citations omitted) (internal quotation marks in original). Moreover, where a pro se civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointment of counsel. See, e.g., Palmer v. Valdez, 560 F. 3d 965, 970 (9th Cir. 2009) (finding district court's determination that plaintiff had done "quite a good job" of putting on case established that it had not abused discretion by denying appointment of counsel).

It does not appear that plaintiff's cognitive disabilities are having a substantial effect on his ability to litigate this matter. While the document attached to the instant motion states that plaintiff received assistance with writing the Inmate Request for Assistance from the Court form and that he has low cognitive function (see ECF No. 25 at 3), the court notes that plaintiff's original complaint attached health care services forms dated January of 2018, in which it appears he informed prison officials that he needed medical treatment and that they were to be named in his twenty-million-dollar lawsuit. See ECF No. 1 at 4-5. It also appears that plaintiff filed the FAC in this matter of his own volition and without being directed by the court to do so. See generally ECF Nos. 18, 19 (absence of court order to file amended complaint). These facts further support the court's previous determination that the appointment of counsel to this case is not warranted at this time. See generally ECF No. 24.

For these reasons, plaintiff's fifth motion to appoint counsel (ECF No. 25) will be denied.

VII.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your first amended complaint is being dismissed with leave to amend. This means that you are being given the chance to amend your complaint. It you do not file a second amended complaint, the magistrate judge will recommend that your case be dismissed.

Your complaint needs to be amended because you have not clearly identified which defendants took which specific actions towards you that caused the harm you have experienced. If you decide to amend your first amended complaint, the amended complaint needs to do this, or the court will recommend that this action be dismissed. In addition, if you decide to amend, the format and content of your amended complaint should follow the guidelines stated in this order.

If you are trying to claim that your constitutional rights were violated by deliberate indifference to your serious medical need, you should provide facts showing that (1) you had a serious medical need, (2) each defendant knew about the risk of harm that you faced, (3) each defendant did or failed to do something knowing that it could cause you further harm, and (4) you were harmed by what they did or didn't do.

Your motion to appoint counsel is being denied because right now there are not exceptional circumstances that support the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

2. Plaintiff's first amended complaint (ECF No. 18) is DISMISSED with leave to amend;

3. Plaintiff shall have thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "second amended complaint." Plaintiff must file an original and two copies of the second amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, and

4. Plaintiff's motion to appoint of counsel (ECF No. 25) is DENIED.

DATED: October 24, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE