UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BOBBY CANTU RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | No. 2:18-cv-2579 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 29. This is plaintiff's fourth such request. See ECF Nos. 16, 24, 26 (denying appointment of counsel requests). The motion asks that the court reconsider one of its denials of appointment that plaintiff recently received. See ECF No. 29.

In support of this motion, plaintiff asserts that he is part of the developmentally disabled program at the California Medical Facility. Id. He states that he is part of the program due to his low cognitive ability, low mental capacity, and lack of understanding of the law. Id. He further contends that he "[does] not understand what [he] is doing." Id. (brackets added). The document also indicates that plaintiff was assisted with typing the instant request. Id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The record indicates that plaintiff's understanding of these proceedings and his engagement in them to date are sufficient for him to continue to proceed pro se. Plaintiff has filed a complaint that was legible and comprehensive enough to enable the court to screen it. See, e.g., ECF Nos. 1, 26. In addition, without prompting from the court, plaintiff recently filed a notice that he has exhausted his administrative remedies, indicating that he has a basic understanding of these proceedings. See ECF No. 30. Furthermore, the court's screening has clearly indicated to plaintiff in plain language what deficiencies exist in the complaint as well as precisely what plaintiff must do in order to remedy them. See ECF No. 26 at 9-10. For these reasons, the court does not find the required exceptional circumstances needed to warrant the appointment of counsel. Therefore, the request will be denied.

Finally, plaintiff is reminded that on October 26, 2018, plaintiff was given thirty days to file a first amended complaint in this action. See ECF No. 26 at 10. This deadline has passed, and plaintiff has yet to file an amended complaint. Given this fact, the court could recommend that this matter be dismissed outright for failure to prosecute and/or for failure to obey a court order. See Fed. R. Civ. P. 41(b); see also Link v. Wabash, 370 U.S. 626, 630-31 (1962) (stating authority of court to sua sponte dismiss matter for lack of prosecution has generally been considered an inherent power). However, the court will instead, sua sponte, grant plaintiff an additional thirty days from the date of this order to file a first amended complaint.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 29) is DENIED, and

2. Plaintiff shall be granted an additional thirty days from the date of this order to file a first amended complaint in compliance with and as initially directed in the court's October 24, 2018 order. See ECF No. 26.

Plaintiff is warned that failure to timely file an amended complaint as directed in the court's October 24, 2018 order may result in a recommendation that this action be dismissed.

DATED: November 29, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE