UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BOBBY CANTU RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>Defendants. | No. 2:18-cv-2579 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. His Third Amended Complaint, ECF No. 34, is before the court for screening.

I. Procedural History

Plaintiff filed his original complaint in the Northern District of California. ECF No. 1. He was granted leave to proceed in forma pauperis; the complaint was dismissed without prejudice on screening and judgment was entered. ECF No. 13, 14. After plaintiff filed a First Amended Complaint, ECF No. 18, the judgment was vacated and the case was reopened and transferred to this court. ECF No. 19. On screening, the undersigned found that the First Amended Complaint did not state any viable claim for relief; plaintiff was granted leave to amend. ECF No. 26. Following an extension of time, plaintiff filed second and third amended complaints. ECF Nos. 32, 34. The court now screens the last-filed complaint, which supersedes all others. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part on other grounds

1

by <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. The Third Amended Complaint

Plaintiff brings a single claim for denial of access to medical care, against four employees of Solano State Prison: D-Yard Captain Marlaina Deyron Cauy; nurse technician Leticia Mondragon; pharmacy technician Hope Muinoz; and an unnamed Senior Nurse. ECF No. 34 at 2, 3. The TAC alleges as follows. Cpt. Deyron Cauy "put [plaintiff] in Ad Seg without any explanation or RVR," preventing his scheduled transfer to another institution for medical care. Id. at 3. Nurse Tech Mondragon made a false allegation of over-familiarity, which is why plaintiff was put in Ad Seg. Id. The unnamed Senior Nurse knew that plaintiff was supposed to receive a special renal care diet, but "claimed the facility only had kosher." Id. Pharmacy tech Muinoz was involved in writing up a false RVR for overfamiliarity, which contributed to the Ad Seg placement. Id. As the result of these actions, plaintiff went into kidney failure and now suffers from liver cancer and dementia. Id.

### IV. Governing Eighth Amendment Principles

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on

remand). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See, Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court established a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. A prison official acts with deliberate indifference only if he subjectively knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

V.     Failure to State A Claim

The facts alleged in the TAC fail to support any element of an Eighth Amendment claim. Neither the existence of a serious medical need nor circumstances demonstrating deliberate indifference on the part of any defendant are pled. Plaintiff's apparent theory is that his placement in administrative segregation delayed his medical transfer, but he does not specify any particular medical treatment that he was denied or that was delayed. When an Eighth Amendment claim is predicated on a delay in treatment, plaintiff must plead and ultimately prove that the delay itself caused him harm. See Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Plaintiff's allegations of harm—from whatever delay or denial of care he experienced due to ad seg placement—are entirely conclusory. There are no facts linking plaintiff's subsequent kidney failure, liver cancer or dementia to any actions of the defendants.

As to the subjective prong of an Eighth Amendment claim, there are no facts demonstrating that any defendant was aware that ad seg placement (or, in the case of the Senior Nurse, failure to ensure a renal diet) created an excessive risk to plaintiff's health and safety, and

////

that they acted in disregard of that known risk. Without such facts, plaintiff's deliberate indifference claim fails.

Moreover, the TAC contradicts itself regarding the ad seg placement itself. Plaintiff alleges that defendant Deyron Cauy placed him in ad seg without any explanation or RVR (rules violation report), but his allegations against defendants Mondragon and Muinoz are that they made false reports of misconduct that resulted in an RVR and ad seg placement. False allegations of misconduct do not violate the constitutional rights of prisoners and cannot themselves support relief under § 1983. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999). Inmates with medical needs are frequently placed in administrative segregation pending investigation of alleged misconduct or as the consequence of a disciplinary finding, and a claim of consequential denial of adequate medical care must focus on the individual(s) who wrongfully withheld the medical care or caused it to be withheld. This is because § 1983 limits liability to those who caused the constitutional violation at issue. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Even if the defendants named here were responsible for wrongful ad seg placement, that does not—without more—make them liable for inadequate medical care in ad seg or delayed care resulting from segregation.

Because the TAC lacks factual allegations establishing deliberate indifference on the part of the defendants, or harm caused by the defendants' actions, the complaint fails to state a claim for relief.

VI.  No Leave to Amend

Leave to amend need not be granted when amendment would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). A history of failure to cure deficiencies supports denial of further leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). This is plaintiff's Third Amended Complaint, and his changes to the pleading over time have not brought him closer to stating a claim than he was at the beginning. The history of screening and

amendment in this case convinces the undersigned that further amendment would be futile.

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

The facts stated in your Third Amended Complaint do not show that the defendants were deliberately indifferent to your medical needs, so the complaint will not be served. Because you have already amended three times, the magistrate judge is recommending that this case be dismissed without further amendment.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

IT IS FURTHER RECOMMENDED that:

1. The Third Amended Complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(a), without leave to amend, for failure to state a claim upon which relief may be granted; and

2. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2021

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE